The action is trover for three promissory notes, made by third persons, and payable to Joseph Brown, the intestate of the plaintiff, and amounting, together, to the sum of $175. On the trial upon the general issue the defendant set up title to the notes under a gift from Brown; and he gave evidence that, about 1 November, 1848, he (Brown) being about to sail on a voyage to the West Indies, delivered the notes to the defendant (who was his uncle), saying to him, "If I never return, these notes are to be yours." Brown proceeded on the voyage at the time mentioned, and, at the time of trial, in September, 1850, he had not returned, nor had he, or the vessel in which he sailed, ever been heard of, and it was the general belief that they were lost on the voyage.
The counsel for the defendant thereupon insisted that the evidence, if believed, established a gift of the notes to the defendant by the intestate, to take effect in the event the (405) intestate should not return; and that for that reason the plaintiff could not recover. And he further insisted that the evidence, if believed, established a bailment of the notes to the defendant, to be kept by him for the payee Brown until he should return home, and that the same had not been determined, and that, for that reason, the plaintiff could not recover. But the court refused to give these instructions, and, after a verdict and judgment for the plaintiff, the defendant appealed.
The recent case of Fairly v. McLean, ante, 158, is an authority in point, that the right to property in the *Page 290 
notes could be transferred only by indorsement and delivery, and that trover will lie for them by the administrator of the payee against a donee by oral gift, though accompanied by delivery. The doctrine is well settled. Bayley on Bills, 18; Story Prom. Notes, sec. 120. No point was made at the trial about a demand by the administrator, so as to render the detention of the notes wrongful, and it must therefore be assumed that the defendant refused to deliver them up and claimed to keep them as his legal property under the gift, conditional or absolute, which he set up, which is a conversion, and renders the defendant liable in this action, provided the notes belong to the plaintiff as administrator. It was said, indeed, at the bar, that if the notes cannot pass to the defendant but by indorsement, it is thereby established that trover will not lie for them, as it is incident to that action that a recovery therein of the value and satisfaction thereof vest the property in the thing converted in the defendant. That may be generally true, but it is by no means universally so, since trover often lies for a conversion by the destruction of a thing. It is, moreover, well settled (406) that trover will lie for a bond or note, although the former be not the subject of transfer at all; and further, that a recovery in trover for a note or bill and payment of the damages divest the property out of the plaintiff, and, indeed, vest it in the defendant as between him and the plaintiff. Holmes v. Wilson, 10 Ad. and E., 511.
It is said, however, that the action does not lie, because, according to the terms of the bailment, it has not been determined by the return of the bailor. But his death determines the bailment, unquestionably, so as to make the property, which was in him, vest in his administrator. What the defendant held for the intestate at the time of his death, he held, after that event, for the plaintiff as administrator. But it was argued that it did not sufficiently appear that the bailor was dead. The circumstances constituted evidence on which the jury might have found that person's death, were it necessary that the plaintiff should have directly established it. But in actions by administrators the letters of administration, granted, as they are, by a domestic tribunal of exclusive jurisdiction, and remaining unrevoked, are prima facie evidence of the death of the alleged intestate and the right of representing him. Moons v.DeBernoles, 1 Russ., 301.
PER CURIAM. Judgment affirmed.
Cited: Overton v. Sawyer, 52 N.C. 6; Kiff v. Weaver, 94 N.C. 277;University v. Bank, 96 N.C. 286; Smith v. Durham, 127 N.C. 418. *Page 291 
(407)